Barnes & another *v.* Haynes.

*E. W. Bond,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

---

## DAVID W. BARNES & another *vs.* TILLY HAYNES.

After judgment for the plaintiff for damages and costs in a suit in equity for the obstruction of a way, the defendant cannot upon his own motion have the case referred to a master to ascertain the limits of the plaintiff's right of way.

ACTION OF TORT, praying for relief in equity under *St.* 1853, *c.* 371, for the obstruction of a passage-way. The declaration prayed for damages, for an injunction, and for further relief. The case was referred to a referee to report the facts, and upon his report judgment was rendered for the plaintiff, in June 1859. See 13 Gray, 188. The defendant paid the damages and costs, and the case was continued upon his motion to September term 1859.

The defendant then moved "that a master may be appointed with instructions to hear the parties, and ascertain and define the right of way which the court has found to exist over the defendant's land, both as to its extent and the character of the use to be enjoyed, and to report to this court such remedial acts as, in addition to the damages and costs already fixed and paid, the defendant ought to be by decree ordered to do and perform, so as to preserve all the just rights of both parties,

with the least injustice and hardship to this defendant." Upon this motion the case was continued to this term.

*G. Ashmun,* for the defendant.

*R. A. Chapman,* for the plaintiff.

BIGELOW, C. J. The facts as stated in the case, and in the opinion of the court on the former hearing, are precisely the same as those found by the referee. 13 Gray, 188, 191. The " common use " or " common passage " here spoken of does not import that the parties held toward each other the relation of tenants in common, but only that there was a passage-way passing over land owned by the respective parties in severalty on each side of the division line of their estates, and that both parties used the passage-way to obtain access to their rear lands separately, each having acquired a right or easement of passage over land of the others by adverse user. It is therefore the common case of one party having a right of way over the land of another, which has been obstructed. As stated in the opinion of the court, a common way was created partly on the land of each for their common benefit. Each had a right to use his own land, and had acquired the right to use the other's for a way. There was no tenancy in common. The whole case proceeds on the idea, that each had acquired a right by adverse user in the other's land, which could not be if they were regarded as tenants in common in possession of the estate.

What then was the case ? An action at law, praying for relief in equity, is to be treated in all respects as a bill in equity. *Irvin* v. *Gregory,* 13 Gray, 215. *Topliff* v. *Jackson,* 12 Gray, 565. This was then in effect a bill in equity, claiming a right of way, alleging its obstruction, and claiming damages and other relief. Judgment was given for damages, and the plaintiff asks no further relief.

But the defendant comes in, and on motion now asks that the court should enter a further decree or pass an order to give the defendant relief. We know of no rule or principle on which such a motion is based. The defendant in an equity suit may ask to have a decree which the plaintiff seeks modified, so that it shall not go to the extent which the plaintiff claims; as,

in this case, to have the damages reduced or costs disallowed; but he cannot upon his own motion obtain a decree, embracing distinct and additional matters, for which the plaintiff does not ask. The relief granted must be confined to a remedy of the wrong of which the plaintiff complains. The defendant in a suit in equity can obtain relief only by a cross bill.

*Motion overruled.*